UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JHONY GONZALEZ-MERINO, et al.,<br><br>Petitioners,<br><br>v.<br><br>JULIO HERNANDEZ, et al.,<br><br>Respondents. | Case No. 2:26-cv-01130-TMC<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

## I.    INTRODUCTION AND BACKGROUND

Petitioners are individuals who entered the United States without inspection years ago, were apprehended by Department of Homeland Security officials in 2026, and are detained at the Northwest Immigration and Customs Enforcement Processing Center in Tacoma, Washington. Dkt. 1 ¶¶ 4–9; Dkts. 4-1, 4-2, 4-3. No Petitioner has received a bond ruling from an Immigration Judge. *See* Dkt. 1 ¶¶ 4–9; Dkt. 10 at 3.

On April 3, 2026, Petitioners filed a petition for writ of habeas corpus, arguing that their mandatory detention violates the Immigration and Nationality Act ("INA") because they are entitled to consideration for release on bond under 8 U.S.C. § 1226(a). Dkt. 1 ¶¶ 19–23. On April 8, Federal Respondents filed a return to the habeas petition. Dkt. 10. Petitioners filed a

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

traverse the next day. Dkt. 11. The habeas petition is now ripe for the Court's review. For the reasons set forth below, the Court GRANTS the petition for writ of habeas corpus.

## II.   LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III.   DISCUSSION

On September 30, 2025, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025). The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.*

Petitioners argue that their mandatory detention under § 1225(b)(2) is unlawful because they are members of the Bond Denial Class. Dkt. 1 ¶¶ 19–23. While Federal Respondents express their continued disagreement with the Court's order in *Rodriguez Vazquez*, they do not

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 2

dispute that Petitioners are members of the Bond Denial Class for purposes of this matter. Dkt. 10 at 1, 3.

The Court incorporates the reasoning of *Rodriguez Vazquez* and finds that Petitioners are subject to discretionary detention under § 1226(a). *See Rodriguez Vazquez*, 802 F. Supp. 3d at 1322–36. Petitioners have thus shown that their mandatory detention under § 1225(b) violates the INA, entitling them to habeas relief. *See* 28 U.S.C. § 2241(c)(3).

### IV.    CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1.    The petition for writ of habeas corpus (Dkt. 1) is GRANTED.

2.    Within fourteen days of receiving Petitioner Jhony Gonzalez-Merino's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

3.    Within fourteen days of receiving Petitioner Denner Galindo Amaro's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

4.    Within fourteen days of receiving Petitioner Kevin Galindo Amaro's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

5.    Nothing in this order prevents an Immigration Judge from granting an individual Petitioner's request for a continuance in his bond proceedings.

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 14th day of April, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 3